UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VILLAS AT PARKSIDE PARTNERS d/b/a VILLAS AT PARKSIDE, *et al.,* | § § § | |
| and | § § | |
| VALENTIN REYES, *et al.,* | § § | CIVIL ACTION NO. 3:08-CV-1551-B |
| Plaintiffs, | § § | (consolidated with NO. 3:03-CV-1615) |
| v. | § § | |
| THE CITY OF FARMERS BRANCH, TEXAS, | § § § | |
| Defendant. | § | |

MEMORANDUM ORDER AND OPINION

Before the Court are the applications for attorneys' fees and costs brought by the Villas

Plaintiffs (doc. 182) and the Reyes Plaintiffs (doc 184). Upon consideration of the relevant authority

and the arguments of the parties, the Court finds that both groups of plaintiffs have established

eligibility for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. Accordingly, the Court

**GRANTS** Plaintiffs' motions (docs. 182 and 184) in part. While the Court finds that the Plaintiffs

are entitled to their fees and costs, in so finding, the Court also determines that the amount of the

award would be most fairly resolved *via* mediation. As a consequence, the Court concludes its

analysis by directing the parties to engage in mediation.

## I.

## BACKGROUND

In this consolidated action, two groups of plaintiffs brought pre-enforcement suits to enjoin

Ordinance 2952 (the "Ordinance"), a city ordinance that attempted to regulate the rental housing market in Farmers Branch, Texas (the "City") through application of federal immigration law.[1] Both plaintiff groups asserted claims, among others, grounded in the Supremacy Clause and the Fourteenth Amendment of the United States Constitution.

The Ordinance, which was to take effect on September 13, 2008, established a requirement for occupants in rental housing to obtain a residential occupancy license and set forth procedures for the City building inspector to revoke the license of any alien that the federal government determined to be not lawfully present in the United States. The Villas Plaintiffs brought suit on September 3, 2008 (doc. 1) and the Reyes Plaintiffs filed their suit on September 12, 2008. Following a hearing on September 12, 2008, the Court entered a Temporary Restraining Order. (doc. 21). The Court consolidated the two actions on September 16, 2008 (doc. 22) and, following a hearing, entered a preliminary injunction on September 22, 2008. (doc. 33).

Thereafter, the parties conducted significant discovery regarding the intent, operation, and effect of the Ordinance and filed cross motions for summary judgment. The Villas Plaintiffs moved for summary judgment on the grounds that the Ordinance was preempted pursuant to the Supremacy Clause and that it was void for vagueness under the Fourteenth Amendment of the United States Constitution. (Doc. 96, p. 1). The Reyes Plaintiffs grounded their motion for summary judgment in their claims brought under the Supremacy, Due Process, and Equal Protection Clauses. (doc. 92, p. 1). The City's motion included both challenges to the plaintiffs' standing and

---

[1] The factual and procedural background of this lawsuit, including prior challenges to related ordinances, is set forth in detail in the Court's Memorandum Order and Opinion resolving the motions for summary judgment (doc. 177).

the merits of their constitutional and statutory claims.  The Court held a hearing on the motions and on March 24, 2010, it granted in part the Villas Plaintiffs' and the Reyes Plaintiffs' motions (docs. 92 and 96) and denied the City's motion (doc. 93).  (doc. 177).

As a result, the Court permanently enjoined the City from effectuating or enforcing Ordinance 2952.  (*Id.*).  Pursuant to the Supremacy Clause of the United States Constitution, the Court concluded that the Ordinance was preempted both as an impermissible regulation of immigration and under the doctrine of implied preemption.  Beyond its analysis of the standing of each plaintiff group to bring each of the claims asserted, the Court did not address the merits of the remaining constitutional or statutory claims.  (doc. 177, p. 38).

Both plaintiff groups moved for an award of attorneys' fees, claiming entitlement as prevailing parties pursuant to 42 U.S.C. § 1988.  The Villas Plaintiffs seek attorneys' fees in the amount of $750,000 (doc. 182, p. 6) and the Reyes Plaintiffs seek attorneys' fees in the amount of $1,131,870.70 (doc. 184, p. 23).  Each plaintiff group also requests costs pursuant to Federal Rule of Civil Procedure 54(d)(1), the Villas Plaintiffs in the amount of $100,000 (doc. 182, p. 15) and the Reyes Plaintiffs in the amount of $49,204.57 (doc. 184, p. 3).  The City challenges both the Plaintiffs' eligibility to recover attorneys' fees and the amount of the fees claimed.  (docs. 187, 192).  The total amount claimed in this lawsuit is $2,031,075.27.

## II.

## ANALYSIS

### A.    *Eligibility for Attorneys' Fees*

The Fees Awards Act, 42 U.S.C. § 1988, provides a statutory vehicle for prevailing parties to recover attorneys fees for "proceedings to enforce certain enumerated provisions of federal law."

3

*Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 480 F.3d 734, 738 (5th Cir. 2007).

That provision allows the Court, in its discretion, to award reasonable attorneys' fees "in any action

or proceeding to enforce a provision of sections 1981a, 1982, 1983, 1985, and 1986 of this title," or

other specified provisions.   42 U.S.C. § 1988 (West, 2000).   Here, Plaintiffs brought numerous

constitutional claims redressable through § 1983,[2] but the Court's grant of relief was grounded in

their claims brought pursuant to the Supremacy Clause.[3]

The Fifth Circuit has concluded that a "Supremacy Clause claim, standing alone, would not

support an award of attorney's fees under § 1988." *Planned Parenthood*, 161 F.3d at 738.   Here,

Plaintiffs' Supremacy Clause claims did not stand alone, but were accompanied by a number of fee

supporting claims on which the Court declined to rule.   The Fifth Circuit rejected the argument that

attorneys' fees are not warranted under § 1988 unless the prevailing party obtains relief based on the

fee-supporting claims.   *Southwestern Bell*, 346 F.3d at 550, 552.   Where a prevailing party brings

both   fee   supporting   claims   and   non-fee   supporting   claims,[4]   including   non-fee   supporting

---

[2]   The City argues that the Reyes Plaintiffs did not bring their claims pursuant to § 1983.   (doc. 192, p. 6).   The Court finds that the Reyes Plaintiffs have sufficiently invoked § 1983 though they did not expressly state which constitutional claims it brought pursuant to that provision.   "Section 1983 is the proper vehicle for a claim alleging that a state official has violated the Plaintiffs' rights under the Fourteenth Amendment. Section 1988 expressly authorizes a court to award a reasonable attorney's fee to the prevailing party in a § 1983 action.   42 U.S.C. § 1988(b).   *Planned Parenthood*, 480 F.3d at 739.   The Reyes Plaintiffs have sufficiently asserted fee-supporting claims, particularly in light of the nature of their claims, their citation to § 1988 as the grounds for an award of attorneys' fees, and the consolidation of their claims into this action.

[3]   The Court declined to reach the additional claims, determining that "[b]ecause the Court finds that the Ordinance is preempted in its entirety and that preemption provides sufficient basis to grant the requested injunctive relief, the Court will not evaluate the remaining due process, equal protection, or statutory claims." (doc. 177, p. 38).

[4]   Courts have awarded fees under § 1988 for non-fee supporting claims that include pendant state law claims, federal statutory claims, and non-fee supporting federal constitutional claims.   *Planned Parenthood*, 480 F.3d at 739.

4

constitutional claims, "under our precedent attorney's fees may be awarded even if the § 1983 claim is not decided" in appropriate circumstances.  *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 551 (5th Cir. 2003); *Espino v. Besteiro,* 708 F.2d 1002, 1007 (5th Cir. 1983) ("if the claim for which fees may be awarded meets the 'substantiality' test. . . attorney's fees may be awarded even though the court declines to enter judgment for the plaintiff on that claim. . .").

Attorneys' fees "may be awarded even if the § 1983 claim is not decided, 'provided that 1) the § 1983 claim of constitutional deprivation was substantial; and 2) the successful pendant claims arose out of 'a common nucleus of operative facts.'" *Id.* at 551 (citations omitted); *See also Planned Parenthood*, 480 F.3d at 739 (same).   A claim of constitutional deprivation "is substantial if it supports federal question jurisdiction" *Southwestern Bell*, 346 F.3d at 551.  The Court is satisfied that Plaintiffs' fee supporting constitutional claims support federal question jurisdiction.  The Court considered the City's standing-based objections to jurisdiction and found that each plaintiff group included individuals or entities who had standing to bring each of the claims asserted.[5]  Where claims are substantial enough to support federal question jurisdiction, "the substantiality test merely requires that the issue raised in the fee claim not be 'wholly insubstantial,' 'obviously frivolous,' 'plainly insubstantial' or 'obviously without merit.'" *Id.* (citing *Espino v. Bestiero*, 708 F.2d at 1010 and quoting *Hagans v. Lavine*, 415 U.S. 528, 537, (1974)).

The Court finds that Plaintiffs' fee claims satisfy the substantiality test.  While the City

---

[5]  The Court found that the landlord plaintiffs did "not establish standing to assert claims on behalf of third parties, including those due process and equal protection claims grounded in injuries to tenants not before the Court."  (doc. 177, p. 39).  Nevertheless, each plaintiff group contained tenants who established standing to assert those remaining claims, they simply could not be advanced by the landlord plaintiffs.  (*Id.* at p. 38).  While not all plaintiffs could advance all claims, the plaintiff groups established standing "for each type of relief sought." *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009).

5

vigorously contested and moved for summary judgment on plaintiffs' fee supporting claims, it could do so only after significant discovery regarding the intent and implementation of the Ordinance and application of those facts to an unsettled area of the law.   Each of Plaintiffs' claims – with the exception of the claims brought by the Vasquez plaintiffs that were voluntarily dismissed early in the suit[6] – meet the threshold substantiality test as none were dismissed or so insubstantial as to fit the description outlined by the above authority.

The second requirement for an award of attorneys' fees under § 1988 for parties who prevail on non-fee supporting claims is that the successful claim arise out of "a common nucleus of operative facts" as the undecided fee supporting claim.  *Southwestern Bell*, 346 F.3d at 551; *Espino*, 708 F.2d at 1009-1010.  "In order to arise out of a common nucleus of operative fact, the fee and non-fee claims must be so interrelated that plaintiffs 'would ordinarily be expected to try them all in one judicial proceeding.'" *Espino*, 708 F.2d at 1010 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  The Court finds that the Plaintiffs' successful Supremacy Clause challenge arises from a common nucleus of operative facts as their other constitutional and statutory challenges to the enforcement of Ordinance 2952.  The Court consolidated Villas and Reyes Plaintiffs' challenges largely because they involved substantially the same factual inquiry.  There would be no justification, and none has been argued, for the Court to hear Plaintiffs' Supremacy Clause claims in a different judicial proceeding than their remaining challenges to the Ordinance.

Because Plaintiffs have satisfied the requirements for recovery under § 1988, they are eligible to recover fees if they were "prevailing parties." *Planned Parenthood*, 480 F.3d at 739.  There can be

---

[6] The Court granted Plaintiff Alfredo Vasquez and Maria de la Luz Vasquez's motion for  voluntary dismissal on October 23, 2008.  (doc. 48).

no question that Plaintiffs prevailed; they obtained the injunctive relief they sought and this Court's Judgment (doc. 179) is a "judicially sanctioned change in the legal relationship of the parties." *Id.* (quoting *Buckhannon Bd. And Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001). As a result, the Court has discretion to award reasonable attorneys' fees. Where a prevailing party establishes eligibility for an award of attorneys' fees pursuant to § 1988, the Court's discretion to deny fees is "extremely narrow." *Espino*, 708 F.2d at 1005. "Absent special circumstances that would render such an award unjust, a prevailing plaintiff should be awarded § 1988 fees '*as a matter of course.*'" *Id.* (quoting *Gates v. Collier*, 616 F.2d 1268, 1275 (5th Cir. 1980)).

No such special circumstances[7] in this case render an award of attorneys fees unjust. Rather, Plaintiffs brought substantial fee-supporting claims together with the Supremacy Clause challenge that provided sufficient grounds for the relief sought. As a result, the Court finds that the Villas Plaintiffs and Reyes Plaintiffs have satisfied the requirements for an award of attorneys fees and **GRANTS** their motions (docs. 182 and 184) in part.

### B.   *Determination of Reasonable Attorneys' Fees*

The Court's conclusion above "brings the plaintiff[s] only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In awarding statutorily-authorized attorney's fees, district courts in the Fifth Circuit employ a two-step procedure. *See Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319,

---

[7] The "special circumstances" exception is narrow and requires a "strong showing" to justify a denial of attorneys' fees to a prevailing plaintiff. *Gibbs v. Town of Frisco City Police Dep't*, 626 F.2d 1218, 1221 (5th Cir. 1980). The City has not presented evidence or authority of special circumstances that would render an award unjust. Though the Court finds it may not deny an award of attorneys' fees, it may consider the evidence the City advanced when determining a reasonable amount of fees. "The amount of the fee, of course, must be determined on the facts of each case." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

323-24 (5th Cir. 1995). First, the reasonable number of hours expended by counsel is multiplied by the reasonable hourly rate charged by lawyers in the community. *Id.* at 324. The product of this multiplication is the base fee, or "lodestar", which the Court then either accepts or adjusts upward or downward based on twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[8] The Court may modify the lodestar if any of the *Johnson* factors not already considered in the reasonable fee analysis warrant an adjustment. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The lodestar is presumptively reasonable, however, and should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). "The award of attorneys' fees, nevertheless, rests within the discretion of the district court." *E.E.O.C. v. Clear Lake Dodge*, 60 F.3d 1146, 1153 (5th Cir. 1995).[9]

The first step in the calculation of the lodestar is to determine the number of hours reasonably expended by counsel. The Court may exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary" hours or hours that lack proper documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The prevailing party must establish with sufficient

---

[8] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[9] The Supreme Court recently revisited the scope of the trial court's discretion in fixing the amount of attorneys' fees. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge, but the judge's discretion is not unlimited." *Purdue v. Kenny A.*, 130 S.Ct 1662, 1676 (2010). While the issue decided by the Supreme Court involved the discretion to award an "enhancement" to the lodestar figure, the decision affirmed the applicability of the lodestar computation, which is designed to produce "an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 1672.

documentation both that the total number of hours claimed were reasonable and that particular hours were reasonably expended. *Id.* at 434; *Bode v. U.S.*, 919 F.2d 1044, 1047 (5th Cir. 1990). The Court next considers the prevailing market rates in the community to determine a "reasonable hourly rate." *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.* 119 F.3d 1228, 1234 (5th Cir. 1997). The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The prevailing party bears the burden of producing evidence that the requested rate accords with the standard. *Blum v. Stenson*, 465 U.S. 886, 895 n 11 (1984); *Tollett*, 285 F.3d at 368 (5th Cir. 2002).

The Court may then adjust the lodestar value based on the twelve *Johnson* factors. While evaluating the lodestar and applying the *Johnson* factors is governed by the considerations identified above, the Court "necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 437. The Court is mindful of the Supreme Court's admonishment that "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, the litigants will settle the amount of a fee." *Id.*

Here, the parties dispute both the number of hours billed and the reasonableness of the rates charged. Without endorsing any party's position regarding the number of hours billed or the reasonableness of the rates charged,[10] the Court concludes that the parties should be afforded the

---

[10] The determination of the number of hours reasonably expended and the reasonable hourly rate must be guided by the standards set forth above and supported by appropriate evidence. The parties are directed to mediate in good faith, incorporating those factors and the most recent guidance from the Supreme Court. *See Perdue v. Kenny A.*, 130 S.Ct 1662, 1675-77 (noting that an effective top rate of "more than $866 per hour" was not consistent with prevailing market rates and addressing the potential impact of fee awards on pubic resources).

opportunity to reach an agreement on the amount of fees via mediation.  Keeping in mind that the Court has determined that the plaintiffs are entitled to reasonable attorneys' fees as prevailing parties, the parties are directed to participate in mediation with Ms. Cecilia H. Morgan no later than August 31, 2010. An order appointing the mediator will issue

      SO ORDERED

      DATED: July 9, 2010

                                     JANE J. BOYLE
                                     UNITED STATES DISTRICT JUDGE